**Motion Denied and Order filed February 1, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00995-CR
_____

**LEON HARRISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 635921**

---

## ORDER

This order rules on appellant's latest motion concerning the record, entitled "Motion to Show Course of Performance Under Perjury."

### BACKGROUND

In 1992, appellant pleaded guilty to and was convicted of sexual assault. He did not appeal the conviction.

Years later, he began filing motions for DNA testing under chapter 64 of the Texas Code of Criminal Procedure. The trial court denied his first two motions, and we affirmed those denials.[1] In 2011, the trial court granted his third motion. The results indicated appellant's DNA was not found on the materials tested. For a variety of reasons, though, the trial court found appellant failed to show a reasonable probability he would not have been prosecuted or convicted for the offense if the DNA test results had been available before or during the trial. Appellant appealed the trial court's order. His lawyer filed an *Anders* brief in which she concluded the appeal was frivolous and lacked merit. We affirmed.[2] In 2015, the trial court denied appellant's fourth DNA motion; appellant appealed, then voluntarily dismissed the appeal.[3] He has also filed many petitions for mandamus related to the denials of his DNA motions or his appeals from those denials,[4] one as recently as last week.[5]

---

[1] *Harrison v. State*, **No. 14-02-01239-CR**, 2003 WL 22902265 (Tex. App.—Houston [14th Dist.] Dec. 9, 2003, pet. ref'd) (mem. op.) (not designated for publication); *Harrison v. State*, **No. 14-07-00287-CR**, 2008 WL 220711 (Tex. App.—Houston [14th Dist.] Jan. 29, 2008, pet. ref'd) (mem. op.) (not designated for publication).

[2] *Harrison v. State*, **No. 14-13-00239-CR**, 2014 WL 801302 (Tex. App.—Houston [14th Dist.] Feb. 27, 2014, pet. ref'd) (mem. op.) (per curiam) (not designated for publication).

[3] *Harrison v. State*, **No. 14-15-00833-CR**, 2016 WL 3362477 (Tex. App.—Houston [14th Dist.] June 16, 2016, no pet.) (mem. op.) (per curiam) (not designated for publication).

[4] *In re Harrison*, **No. 14-09-00611-CR**, 2009 WL 2176350 (Tex. App.—Houston [14th Dist.] July 23, 2009, orig. proceeding) (mem. op.) (per curiam) (not designated for publication); *In re Harrison*, **No. 14-12-00397-CR**, 2012 WL 1655770 (Tex. App.—Houston [14th Dist.] May 10, 2012, orig. proceeding) (mem. op.) (per curiam) (not designated for publication); *In re Harrison*, **No. 14-12-00737-CR**, 2012 WL 3686746 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, orig. proceeding) (mem. op.) (per curiam) (not designated for publication); *In re Harrison*, **No. 14-12-01047-CR**, 2013 WL 476823 (Tex. App.—Houston [14th Dist.] Feb. 7, 2013, orig. proceeding) (mem. op.) (per curiam) (not designated for publication); *In re Harrison*, **No. 14-13-00157-CR**, 2013 WL 1384915 (Tex. App.—Houston [14th Dist.] April 4, 2013, orig. proceeding) (mem. op.) (per curiam) (not designated for publication); *In re Harrison*, **No. 14-16-00733-CR**, 2016 WL 5853285 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op.) (per curiam) (not designated for publication).

[5] *In re Harrison*, **No. 14-18-00040-CR** (filed Jan. 22, 2018).

This fifth appeal challenges the denial of another motion for DNA testing. Appellant began this appeal pro se. At his request, on February 14, 2017, we ordered the district clerk to provide him a copy of the record in this appeal. The district clerk did so and provided us a copy of the return mail receipt indicating the record was delivered and signed for at appellant's prison unit on March 3, 2017. Appellant acknowledges he received the record.

In the first half of March 2017, appellant filed several motions in this appeal, including one for appointed counsel and one for supplementation of the record. He asked in the latter motion that we:

> Order the Clerk to File a Supplemental Clerk's Record with Appellant's Motion(s) and Document(s) filed on 6/1/2016; and 7/18/2016; and 8/29/2016 . . . .

We denied the motion regarding the record because the proper procedure for a party to supplement the clerk's record is by written request to the clerk—no motion or order is needed. We then abated the appeal and remanded the case to the trial court for a determination of whether appellant was entitled to appointed counsel.

The trial court appointed a lawyer for appellant, and we reinstated the appeal. Like appellant's lawyer in the third appeal, appellant's appointed lawyer in this fifth appeal filed an *Anders* brief in which he concludes the appeal is frivolous and lacks merit. Appellant notified the court of his intent to file a pro se response to the brief.

## APPELLANT'S COMPLAINTS ABOUT THE RECORD

Appellant complains that the clerk's record he received on March 3, 2017 is not complete. What is missing, however, is not clear. His motion says he "filed with Clerk to file a supplemental record (May 15, 2017)" and suggests that supplemental record should include "the motions and documents filed with the trial court and

3

requested on Appellant's 11-28-16 Notice of Appeal motion and the call for action in this Court." We do not have a copy of appellant's alleged May 15, 2017 request for a supplemental clerk's record. The record does contain a document entitled, "Second (2nd) Request of Notice of Appeal" that is file-stamped November 28, 2016, that states appellant is appealing "the trial court's denial of Appellant's request for DNA testing using newer techniques and successive chapter 64 motion challenging the court's unfavorable findings." The document also contains a list of more than twenty motions appellant says were denied. There is no suggestion on the notice of appeal that the clerk should treat it as a request for the clerk's record.

Appellant has a copy of the clerk's record in this appeal. He also has a copy of the record in the third appeal, the one that includes the results of the DNA testing. His lawyer in that appeal sent him a copy of the complete record, which she said comprised two volumes of the clerk's record and one volume of the reporter's record. Appellant filed a pro se response to counsel's *Anders* brief in which he cited extensively to both the clerk's record and the reporter's record. As stated on our website: "If a party needs to rely on a trial court document that is part of the record below, that is not yet part of the clerk's record on appeal, a party should put a copy of the document in the appendix to their brief, with a notation that the official document has been requested from the clerk."

We **DENY** appellant's "Motion to Show Course of Performance Under Perjury."

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Brown.